25CA2275, 25CA2276 & 25CA2277 Adoption of JS 07-30-2026

COLORADO COURT OF APPEALS

---

Court of Appeals Nos. 25CA2275, 25CA2276 & 25CA2277
El Paso County District Court No. 24JA210
Honorable Karen Casey Parrott, Magistrate

---

In re the Petition of T.A.E.,

Appellee,

for the Adoption of Jo.S., Jr., Ja.S., and Je.S., Children,

and Concerning J.T.S.,

Appellant.

---

JUDGMENT AFFIRMED

Division V
Opinion by JUDGE YUN
Lipinsky and Schutz, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 30, 2026

---

T.A.E., Pro Se

CS Law, PLLC, Carrie E. Skahan, Colorado Springs, Colorado, for Appellant

¶ 1    In this stepparent adoption proceeding, J.T.S. (father) appeals the juvenile court's judgment terminating his parent-child legal relationships with Jo.S., Jr.; Ja.S.; and Je.S. (the children). We affirm.

## I.    Background

¶ 2    Father and K.E. (mother) are the children's parents. Father and mother separated in 2019 and their marriage was dissolved three years later. In the dissolution of marriage proceeding, the district court entered permanent orders requiring father to pay $1,036 per month in child support and $10,360 in child support arrears. The district court also awarded mother sole decision-making responsibility for the children and granted father supervised parenting time. Later, the court found father in punitive and remedial contempt for failing to pay child support and sentenced him to ninety days in jail.

¶ 3    Meanwhile, mother married T.E. (stepfather). In 2024, stepfather petitioned to adopt the children. A juvenile court magistrate, with the consent of the parties, presided over the adoption proceeding. The magistrate terminated father's parental

rights and granted stepfather's petition to adopt the children,

reasoning as follows:

> Based on the totality of the circumstances and in the light most favorable to the best interest of the children the Court finds Petitioner has proven by clear and convincing evidence that it is in the best interest of the children to terminate . . . the parent child legal relationship between Respondent Father and the minor children and to grant the Petitions for Stepparent Adoption.
>
> Additionally, the Court finds Petitioner has proven based on the totality of the circumstances that Respondent Father failed without cause to pay reasonable child support for the benefit of the children for a period of one year or more, nor is there a likelihood that Respondent Father will pay reasonable support in the future.  Further, the Court finds Petitioner has proven based on the totality of the circumstances that Respondent Father intended to abandon the children for a period of one year or more and did in fact do so.
>
> Petitioner is of good moral character and has the ability to financially and emotionally support the children and the ability to assist in their education.  Further, the home of Petitioner is suitable for the minor children.  Additionally, the mental and physical condition of the children make the children suitable subjects for stepparent adoption.

¶ 4    Father now appeals the magistrate's ruling.[1]

## II.    Appellate Jurisdiction

¶ 5    After father filed his notice of appeal, this court ordered him to show cause why this appeal should not be dismissed for failure to seek timely district court review of the magistrate's judgment.  In response, father asserted that the judgment was directly appealable because the parties had consented to magistrate jurisdiction.[2]  The motions division deferred the matter to us.

¶ 6    Because the magistrate rules, rather than the Children's Code, govern whether father was required to seek district court review before appealing directly to this court, we conclude that we have jurisdiction over father's appeal.

¶ 7    "Pursuant to C.R.M. 6(d), consent to proceeding before a magistrate in any juvenile matter is required as set forth in

---

[1] Father initiated three appeals because stepfather opened separate adoption cases for each child.  This court later consolidated the other two matters into this appeal.

[2] The Colorado Rules for Magistrates recently changed substantially for orders issued on or after January 2, 2026.  *See* Rule Change 2025(18), Colorado Rules for Magistrates (Amended and Adopted by the Court En Banc, Sept. 4, 2025), https://perma.cc/S7P6-9RVS. We apply the version of the Magistrate Rules in effect at the time relevant to father's appeal, and our analysis does not necessarily apply to the amended Magistrate Rules.

C.R.M. 3(f)(1)." *In re C.A.B.L.*, 221 P.3d 433, 437 (Colo. App. 2009); *see* § 19-1-108(3)(a.5), C.R.S. 2025 (requiring the magistrate to inform the parties of their right to a hearing before a judge and that, by waiving that right, the parties are generally bound by the magistrate's ruling). Generally, judgments entered by magistrates where such consent was necessary "shall be appealed pursuant to the Colorado Rules of Appellate Procedure," as a district court judgment would be. C.R.M. 7(b) (2025). Thus, such a judgment may be appealed directly to this court. In contrast, judgments and orders in matters where consent was not necessary are subject to district court review under C.R.M. 7(a) (2025).

¶ 8    Moreover, the requirements of C.R.M. 7 (2025) apply unless a statute or rule provides otherwise. *People in Interest of A.P.H.*, 2020 COA 159, ¶ 15; *see* C.R.M. 7(a)(1) (2025). Although section 19-1-108(5.5) provides for district court review of magistrate orders under several articles within the Children's Code, it does not include review of stepparent adoption orders under article 5. *See C.A.B.L.*, 221 P.3d at 438. As the *C.A.B.L.* division recognized, the "omission of article 5 from section 19-1-108(5.5) demonstrates the General Assembly's intent that proceedings under that article are

4

not subject to district court review." *Id.* Accordingly, no statute or rule otherwise governs stepparent adoptions, and C.R.M. 7(b) (2025) applies. *See id.*

¶ 9 The magistrate advised the parties under section 19-1-108(3)(a.5) and they consented to magistrate jurisdiction on the record as required by C.R.M. 3(f)(1)(A)(i). **(CF, pp 44, 52, 77.)** Because C.R.M. 7(b) (2025), not section 19-1-108(5.5), governs, father properly sought review directly in this court. We therefore have jurisdiction over father's appeal of the magistrate's ruling and proceed to the merits of his contentions.

### III. Failure to Provide Reasonable Support

¶ 10 Father first contends that the magistrate erred by finding that he failed to provide reasonable support for the children and was unlikely to do so in the future. We disagree.

### A. Applicable Law and Standard of Review

¶ 11 A stepparent adoption proceeding necessarily involves a determination whether the court should terminate the parental rights of the noncustodial parent. *D.P.H. v. J.L.B.*, 260 P.3d 320, 323 (Colo. 2011). To terminate parental rights in this context, the juvenile court must determine whether the child is available for

adoption. *See id.* A child is available for adoption if a "birth parent has failed without cause to provide reasonable support for such child for a period of one year or more." § 19-5-203(1)(d)(II), C.R.S. 2025.

¶ 12     The relevant period for assessing whether a parent has failed without cause to provide reasonable support is the twelve months preceding the filing of the adoption petition. *In re E.R.S.*, 2019 COA 40, ¶ 49. If the court determines that a parent has not paid reasonable support during the twelve-month period, it then looks beyond that period to determine whether the parent is likely to provide support in the future. *Id.*

¶ 13     We review for clear error the juvenile court's finding regarding failure to pay reasonable support. *D.P.H.*, 260 P.3d at 325. However, we review de novo whether the juvenile court applied the proper legal standards. *M.A.W. v. People in Interest of A.L.W.*, 2020 CO 11, ¶ 31.

## B.     Analysis

¶ 14     The magistrate found that father, without cause, failed to pay reasonable child support for the children for over a year and was unlikely to pay reasonable support in the future.

¶ 15    Under the permanent orders, father was ordered to pay $1,036 per month in child support.  The magistrate found that father paid only $555 in child support in the year before the adoption petition was filed and owed over $40,000 in child support arrears.  The magistrate also found that father "clearly does not intend to pay" child support in the future, citing his direct statements to mother and his ongoing refusal to comply with court orders.  Although father was ordered, as a contempt sanction, to turn over all trust funds he held to mother, the magistrate found that he did not comply with those contempt orders, even after serving a ninety-day jail sentence.

¶ 16    The record fully supports the magistrate's findings, and father does not challenge them.  Instead, he asserts that his inability to provide more support during the relevant twelve-month period does not "negate" (1) his maintenance of a trust fund for the children, or (2) his stated desire to provide for their future.  But father overlooks that the magistrate found that his testimony was not credible.  *See People in Interest of R.D.*, 2012 COA 35, ¶ 43 (the credibility of the witnesses and the probative value, weight, and sufficiency of the evidence, as well as the inferences and conclusions to be drawn

from it, are within the juvenile court's discretion). We decline father's invitation to reweigh the evidence or second guess the magistrate's credibility determinations. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 29 (an appellate court cannot reweigh the evidence or substitute its judgment for that of the juvenile court); *R.D.*, ¶ 43; *cf. E.R.S.*, ¶ 51 (the juvenile court decides the factual questions of reasonable support and the likelihood of future support on a case-by-case basis, considering the evidence as a whole, including the credibility of the witnesses).

¶ 17    Father also contends that the magistrate improperly shifted the burden to him to demonstrate that he could not have reasonably contributed more than $555 in child support during the year before the petition was filed. *See In re R.H.N.*, 710 P.2d 482, 485, 488 (Colo. 1985) (recognizing that the petitioner bears the burden of proving a parent's failure to provide reasonable support by clear and convincing evidence). To support his argument, father points to the following findings:

- "Father ha[d] been homeless and incarcerated on multiple occasions since the divorce."
- "However, Father failed to testify to specific dates."

8

- "The [magistrate] does not have sufficient evidence to find that Father's incarceration and/or homelessness is cause for his failure to pay child support."

Father's argument fails.

¶ 18    First, the magistrate's ruling demonstrates that she properly placed the burden of proof on stepfather. The magistrate specifically found, based on the totality of circumstances, that stepfather had proved that father failed, without cause, to pay reasonable support for at least a year. *See id.* at 488. The magistrate also expressly concluded that stepfather proved by clear and convincing evidence that terminating father's parental rights was in the children's best interests. *See id.*

¶ 19    Second, father argued that his $555 in child support "may" have been reasonable given his work-related limitations, which he testified included periods of incarceration, homelessness, and other difficulties. However, after weighing all the evidence, considering the totality of the circumstances, and making credibility determinations, the magistrate rejected (1) father's claim that this amount was reasonable and (2) any suggestion that his failure to provide reasonable support was with cause. *See* § 19-5-203(1)(d)(II)

(a child may be available for adoption when the parent "has failed without cause to provide reasonable support" for a year or more); *E.R.S.,* ¶ 51.

¶ 20     Given these circumstances, father has not shown that the magistrate improperly placed the burden on him to prove that he could not have reasonably contributed more support than he did to the children.  Nor has he demonstrated that the magistrate failed to "take into consideration" his testimony about these issues.  As discussed above, the court explicitly addressed father's testimony about his circumstances.  We presume that the magistrate considered all the evidence presented.  *See In re Marriage of Udis,* 780 P.2d 499, 504 (Colo. 1989).

¶ 21     Because the record supports the magistrate's findings and conclusions that father failed to provide reasonable support and was unlikely to do so in the future, and because the magistrate properly placed the burden of proof on stepfather, we affirm the decision.

## IV.   Abandonment

¶ 22     Father also contends that the magistrate erred by finding that he abandoned the children.  *See* § 19-5-303(1)(d)(II) (a child may be

10

available for adoption if the parent has abandoned the child for a period of one year or more).  Failure to provide reasonable support and abandonment are separate and independent grounds for declaring a child available for adoption.  *E.R.S.*, ¶ 61.  Thus, it is unnecessary to show both grounds to terminate parental rights.  *See Buder v. Reynolds*, 486 P.2d 432, 434 (Colo. 1971).  Because we have already concluded that the magistrate's absence of reasonable support determination was proper, we need not address father's abandonment argument.  *See id.*

## V.  Disposition

¶ 23    The judgment is affirmed.

JUDGE LIPINSKY and JUDGE SCHUTZ concur.